

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00206-CV

**SCHMIDT LAND SERVICES, INC.**,
Appellant

v.

**UNIFIRST CORPORATION** and UniFirst Holdings Inc. Successor in Merger to UniFirst
Holdings LP D/B/A UniFirst,
Appellees

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 12-09-0834-CVA
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  April 23, 2014

AFFIRMED

In a declaratory judgment action, Appellant Schmidt Land Services challenged the validity

of its contract with Appellees UniFirst Corporation and UniFirst Holdings (UniFirst).  Schmidt

contended UniFirst fraudulently induced it to enter into the contract, and Schmidt sought to avoid

arbitration.  The district court dismissed Schmidt's action and granted UniFirst's motion to compel

arbitration.  Because Schmidt challenged the validity of the contract as a whole, and did not

specifically challenge the validity of the arbitration agreement, we affirm the trial court's order.

## BACKGROUND

In June 2010, Schmidt and UniFirst entered into a Customer Service Agreement (the 2010 Agreement) for UniFirst to provide Schmidt with uniform rental, cleaning, and related garment services for its employees. In June 2012, after Schmidt was dissatisfied with UniFirst's service, UniFirst and Schmidt executed a second Customer Service Agreement (the 2012 Agreement). According to Schmidt, after the parties executed the 2012 Agreement, UniFirst continued its unsatisfactory service. Schmidt asserts it repeatedly notified UniFirst of its complaints, but UniFirst failed to improve its service to meet contract requirements.

In September 2012, Schmidt terminated the 2012 Agreement and filed a petition for declaratory judgment in Bexar County district court. It challenged the entire contract: it alleged the 2012 Agreement was obtained by fraud in the inducement and was "rescinded." Schmidt also petitioned the court to declare the 2010 Agreement terminated under its terms. Citing the arbitration clauses in each of the Agreements, UniFirst moved the court to compel arbitration. The trial court dismissed Schmidt's petition for declaratory judgment and ordered the parties to arbitration. Schmidt appeals the trial court's order.

## STANDARD OF REVIEW

Even when an abuse of discretion standard of review generally applies, "we review the trial court's legal determinations de novo." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding); *Garcia v. Huerta*, 340 S.W.3d 864, 868 (Tex. App.—San Antonio 2011, pet. denied). Whether a trial court or an arbitrator decides a challenge to the validity of an entire contract is a question of law which we review de novo. *See In re Labatt*, 279 S.W.3d at 643; *Garcia*, 340 S.W.3d at 868–69.

**NATURE OF CHALLENGE**

Schmidt contends the trial court, not an arbitrator, should decide whether UniFirst obtained its consent to the 2012 Agreement by fraud in the inducement. As we discuss below, this forum question turns on the nature of Schmidt's challenge. In the context of a contract that has been formed and which contains an arbitration agreement, we address three types of challenges: (1) a challenge to the validity of the contract as a whole, (2) a challenge to the validity of the arbitration agreement itself, and (3) a challenge to the scope of the arbitration agreement. We review the applicable law and the appropriate forum for each type of challenge.

**A.      Validity of Contract as a Whole**

To resist arbitration, a party may challenge the validity of the contract as a whole. *Rent-A-Ctr., W., Inc. v. Jackson*, 130 S. Ct. 2772, 2778 (2010); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967); *In re Labatt*, 279 S.W.3d at 647–48; *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755–56 (Tex. 2001) (orig. proceeding). The resisting party may challenge "'the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.,* the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.'" *Rent-A-Ctr.*, 130 S. Ct. at 2778 (quoting *Buckeye*, 546 U.S. at 444)); *accord In re Labatt*, 279 S.W.3d at 648. If the arbitration agreement directs such a question to arbitration, the challenge to the contract as a whole is decided by the arbitrator. *Buckeye*, 546 U.S. at 445–46 ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."); *Prima Paint*, 388 U.S. at 400 ("[A] claim of fraud in the inducement of the contract generally—as opposed to the arbitration clause itself—is for the arbitrators and not for the courts . . . ."); *In re Labatt*, 279 S.W.3d at 648 ("[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause,

must go to the arbitrator."); *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008) ("While an arbitration agreement procured by fraud is unenforceable, the party opposing arbitration must show that the fraud relates to the arbitration provision specifically, not to the broader contract in which it appears." (footnote omitted)).

## B.      Validity of Arbitration Agreement

A party resisting arbitration may also challenge the validity of the arbitration agreement itself. *Rent-A-Ctr.*, 130 S. Ct. at 2778; *Buckeye*, 546 U.S. at 444; *In re Labatt*, 279 S.W.3d at 647–48. The resisting party may challenge the arbitration agreement's validity because, e.g., the agreement was obtained by fraud or is unconscionable. *See Buckeye*, 546 U.S. at 445–46; *Prima Paint*, 388 U.S. at 402–03; *In re Labatt*, 279 S.W.3d at 647–48. If the party specifically challenges the validity of the arbitration agreement, the agreement's validity is decided by the trial court. *Buckeye*, 546 U.S. at 444–45; *Prima Paint*, 388 U.S. at 403–04; *In re Labatt*, 279 S.W.3d at 647–48; *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).

## C.      Scope of Arbitration Agreement

Finally, a party may resist arbitration by challenging the scope of the arbitration agreement. *See In re Rubiola*, 334 S.W.3d 220, 223–24 (Tex. 2011) (orig. proceeding); *In re Kellogg Brown & Root*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). The resisting party may contend that the question to be resolved is not one which it agreed to arbitrate, and thus should not be decided in an arbitral forum. *Cf. First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("[A]rbitration . . . is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration."); *Roe v. Ladymon*, 318 S.W.3d 502, 512–13 (Tex. App.—Dallas 2010, no pet.); *ODL Servs., Inc. v. ConocoPhillips Co.*, 264 S.W.3d 399, 413 (Tex. App.—Houston [1st Dist.] 2008, no pet.). If a party challenges the scope of the arbitration agreement, the agreement's scope is decided by the trial court. *See In re Rubiola*, 334 S.W.3d at

225; *In re FirstMerit Bank*, 52 S.W.3d at 754–55. Having reviewed the law defining the proper forum for each type of challenge, we turn to Schmidt's arguments.

## ANALYSIS

"A party seeking to compel arbitration under the FAA must establish that (1) there is a valid arbitration clause, and (2) the claims in dispute fall within that agreement's scope." *In re Rubiola*, 334 S.W.3d at 223. Here, both contracts (the 2010 and 2012 Agreements) contain the same broad-language arbitration agreement:[1]

> All disputes of whatever kind between Customer and UniFirst based upon past, present or future acts, whether known or unknown, and arising out of or relating to the negotiation, formation or performance of this Agreement shall be resolved exclusively by final and binding arbitration. The arbitration shall be conducted in the capital city of the state where Customer has its principal place of business (or some other location mutually agreed to by Customer and UniFirst) pursuant to the Expedited Procedures of the Commercial Arbitration Rules of the American Arbitration Association and shall be governed by the Federal Arbitration Act. . . .

## A. Nature of Schmidt's Challenge

In Schmidt's response to UniFirst's motion to compel arbitration, Schmidt asserted its "claim is that the contract as a whole is invalid, rather than a part of the contract invalidates the whole." *Cf. Prima Paint*, 388 U.S. at 400; *Forest Oil*, 268 S.W.3d at 56. In its brief, Schmidt repeatedly reiterates that its challenge is to the contract as a whole. None of Schmidt's pleadings specifically challenge the validity of the arbitration agreement. *Cf. In re Labatt*, 279 S.W.3d at 648. More particularly, other than its challenge to the contract as a whole, Schmidt does not contend the arbitration agreement is unconscionable or was secured by fraud. *Cf. Buckeye*, 546 U.S. at 445–46; *Prima Paint*, 388 U.S. at 402–03; *In re Labatt*, 279 S.W.3d at 647–48; *Forest Oil*, 268 S.W.3d at 56. Further, Schmidt does not contend that its challenge to the contract as a whole

---

[1] The 2010 Agreement's arbitration clause was lexically slightly different, but, for purposes of this appeal, legally identical. Its first and third instances of "Customer" were preceded by "the."

is outside the scope of the arbitration agreement. *Cf. In re Rubiola*, 334 S.W.3d at 223–24; *In re Kellogg Brown & Root*, 166 S.W.3d at 737. Instead, citing *Granite Rock Co. v. International Brotherhood of Teamsters*, 130 S. Ct. 2847 (2010), Schmidt contends the 2012 Agreement was obtained by UniFirst's fraud in the inducement, Texas contract law holds that fraud vitiates consent, and thus Schmidt could not have asssented to the 2012 Agreement or any of its terms, including the arbitration clause. Therefore, according to Schmidt, the trial court erred by dismissing its declaratory judgment action and ordering arbitration.

## B. *Buckeye* Controls

Schmidt's challenge, as stated above, was rejected by the Supreme Court in *Buckeye*. *See Buckeye*, 546 U.S. at 445–46. There, the issue was "whether a court or an arbitrator should consider the claim that a contract containing an arbitration provision is void for illegality." *Id.* at 442. The plaintiffs brought a putative class action suit in Florida state court claiming that Buckeye Check Cashing charged usurious interest rates. *Id.* at 443. Buckeye moved to compel arbitration. *Id.* The trial court accepted the plaintiffs' argument that because Florida state law made the entire contract void ab initio, the federal severability principle did not apply, and thus the arbitration agreement was not enforceable. *Id.*

The appellate court disagreed: "[B]ecause [plaintiffs] did not challenge the arbitration provision itself, but instead claimed that the entire contract was void, the agreement to arbitrate was enforceable, and the question of the contract's legality should go to the arbitrator." *Id.*

The Florida Supreme Court reversed the appellate court. It distinguished *Prima Paint* based on the difference between void and voidable contracts and concluded that Florida contract law voiding an illegal contract controlled over the FAA's severability provision. *Id.*

The Supreme Court, reversing the Florida Supreme Court, explained that "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the

contract," and if the challenge to the contract falls within the scope of the arbitration agreement, the challenge is for the arbitrator. *Buckeye*, 546 U.S. at 445–46; *see also Rent-A-Ctr.*, 130 S. Ct. at 2778 (same).

## C. Schmidt's Forum Argument Precluded

Like the plaintiffs in *Buckeye*, Schmidt claims that under Texas contract law, UniFirst's fraud in the inducement renders the entire contract void; thus, the arbitration agreement—as part of the contract—is unenforceable. *Cf. Buckeye*, 546 U.S. at 443. Schmidt relies on *Granite Rock*'s proposition that "where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *See Granite Rock*, 130 S. Ct. at 2855–56. But Schmidt does not argue that the contract was never formed, and *Granite Rock* does not control. *Cf. id.* at 2860.

Instead, like in *Buckeye*, Schmidt argues the formed contract was void ab initio because of UniFirst's alleged fraud in the inducement. *See Buckeye*, 546 U.S. at 443. But under *Buckeye*, even if UniFirst obtained Schmidt's consent by fraud, the arbitration agreement is nevertheless severable, and Schmidt did not specifically challenge the arbitration agreement's validity. *Cf. id.* at 445–46.

Because the arbitration agreement is severable as a matter of law, Schmidt did not specifically challenge the validity of the arbitration agreement, and the fraud question is within the arbitration agreement's scope, the proper forum to decide Schmidt's challenge to the contract as a whole is in arbitration, not the trial court. *See Buckeye*, 546 U.S. at 446; *Prima Paint*, 388 U.S. at 399–400; *In re Labatt*, 279 S.W.3d at 648; *Forest Oil*, 268 S.W.3d at 56. We overrule Schmidt's issues.[2]

---

[2] On appeal, Schmidt also complains that "the trial court erred in refusing to hear witness testimony as to how the contract was procured by fraud." Because we conclude that Schmidt's challenge to the contract as a whole must be heard by the arbitrator, not the trial court, Schmidt's complaint is moot.

## CONCLUSION

Schmidt did not specifically challenge the validity of the arbitration agreement or its scope. Instead, it challenged the contract as a whole based on UniFirst's alleged fraud in the inducement. Schmidt's challenge is within the scope of the arbitration agreement and the agreement is severable as a matter of law. Therefore, under *Buckeye*, the arbitrator decides such a challenge, and the trial court did not err in dismissing Schmidt's declaratory judgment action and ordering arbitration. We affirm the trial court's order.

Patricia O. Alvarez, Justice